**NOT FOR PUBLICATION**

FILED

MAY 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SELVIN GABRIEL VILLEGAS-CASTRO, AKA Selvin Castro Villegas, AKA Selvin Castrovillegas, AKA Selvin Villegas, | No. 16-71859 |
| | Agency No. A205-716-699 |
| Petitioner, | MEMORANDUM* |
| v. | |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2022**
Pasadena, California

Before: KLEINFELD, MILLER, and COLLINS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Selvin Gabriel Villegas-Castro argues in his petition for review that the BIA's adverse credibility determination and resulting denial of his applications for withholding of removal and for relief under the Convention Against Torture ("CAT") relief are not supported by substantial evidence. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition.

Considering the totality of the circumstances and all relevant factors, *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc), we are not compelled to conclude that Petitioner was credible, *see Villegas Sanchez v. Garland*, 990 F.3d 1173, 1178–79 (9th Cir. 2021). There was substantial evidence on the record taken as a whole to support the adverse credibility determination. *See id.* Petitioner does not attempt to explain the inconsistencies the BIA identified and instead attacks them as not going to the heart of his claim. The REAL ID Act governs this case and in such cases inconsistencies need not go to the heart of the claim to form the basis for an adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Moreover, many of the inconsistencies do go to the heart of his claim. Many of them concerned his past persecution—for example, the nature and severity of the only physical attack he claimed, where the perpetrators lived, and whether his children in Honduras are still being pursued by Mara 18. In the absence of credible

2

testimony, substantial evidence substantial evidence supports the BIA's conclusion that Petitioner has not carried his burden of establishing that he is entitled to withholding of removal.

Petitioner also argues that the BIA's determination that he is not eligible for CAT relief is not supported by substantial evidence. Specifically, Petitioner argues that the treatment he endured is sufficient to constitute torture. But, even setting aside the fact that his testimony was properly found to be not credible, the BIA explained that Petitioner had not shown that any torture would be done by or with the acquiescence of public officials. At best, Petitioner made conclusory allegations that the police would not help. This is not sufficient to compel a contrary conclusion. *See Villegas Sanchez*, 990 F.3d at 1178.

**PETITION DENIED.**